NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAFAEL CANALES-PEREZ, *Appellant.*

No. 1 CA-CR 21-0107
FILED 4-19-2022

Appeal from the Superior Court in Maricopa County
No.  CR2018-005540-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Rafael Canales-Perez appeals his convictions and sentences for sexual conduct with a minor, sexual abuse, kidnapping, and sexual assault.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Canales-Perez was the long-term boyfriend of Christine's mother and acted as a father figure to all her children.[1]  When Christine was eleven or twelve years old, Canales-Perez pulled her into a bedroom and attempted to engage in penile-vaginal intercourse, forcing the tip of his penis inside her vagina.  Canales-Perez also touched Christine's breasts and rubbed her vagina.  She begged him to stop and finally managed to push him off her and flee from the bedroom.

¶3        Years later, when Christine was fifteen years old, Canales-Perez approached her from behind and began kissing her.  Over Christine's protests, Canales-Perez touched her breasts, rubbed her vagina, and pressed his penis against her backside.  Canales-Perez stopped when he heard someone coming into the room. Shortly after, Christine disclosed the abuse to her siblings and they told their mother.

¶4        Christine's mother contacted law enforcement and participated in a confrontation call with Canales-Perez.  During that call, Canales-Perez admitted to touching Christine's breasts, digitally penetrating her vagina, lying on top of her, and kissing her while she was naked.  Although Canales-Perez acknowledged that Christine was still just a "little girl," he claimed she instigated and consented to the sexual conduct.

¶5        Christine participated in a forensic interview and recounted the abuse.  At that time, she did not report any instances of penile-vaginal penetration.  However, around two years after the initial investigation, Christine participated in a second forensic interview and disclosed penile-

---

[1]        We use a pseudonym to protect the privacy of the victim.

vaginal penetration. Christine explained that the ongoing support from her family gave her the confidence to disclose all the details. An expert on sexual abuse later testified that victims commonly provide "piecemeal disclosure," giving the details they find the most embarrassing later on in the process.

¶6          A grand jury indicted Canales-Perez on two counts of sexual conduct with a minor under fifteen years old, class 2 felonies, one count of sexual abuse of a minor under fifteen years old, a class 3 felony, one count of kidnapping, a class 2 felony, two counts of sexual abuse, class 5 felonies, and one count of sexual assault, a class 2 felony. All except three of the counts constituted dangerous crimes against children.

¶7          During the first day of trial testimony, Christine's mother referenced material found on Christine's tablet. Outside the presence of the jury, the parties indicated that they were not aware of any evidence contained on a tablet. Through brief interviews with relevant witnesses, the parties learned that, in the month following the initial investigation in this case, Christine's family discovered that she exchanged sexually explicit material with unknown individuals using her tablet and they provided the device to law enforcement. Law enforcement had opened an investigation under a separate case number and neither relayed the information to the State nor conducted a forensic examination of the device.

¶8          The superior court delayed the trial for nearly two weeks to give Canales-Perez time to review the evidence, interview relevant witnesses, and file any corresponding motions. Shortly after, the parties confirmed that the forensic examination had been completed and disclosed. The examination revealed that Christine sent sexually explicit material to unknown individuals in the days surrounding the initial investigation.

¶9          The State moved to exclude the evidence as prejudicial and barred by A.R.S. § 13-1421(A), commonly referred to as Arizona's rape-shield statute. Canales-Perez objected, arguing the evidence was admissible under the "motive to accuse" exception. *See* A.R.S. § 13-1421(A)(3). He claimed the evidence showed that Christine participated in the second forensic interview to shift attention from her "consensual sexual contacts on the tablet." The superior court found that the evidence lacked any "temporal relationship" to the current offenses, noting the two-year gap between the family's discovery of the evidence and the second forensic interview. Finding no sufficient nexus between the events, the court excluded the evidence under A.R.S. § 13-1421(A). Canales-Perez moved for mistrial, arguing the State's untimely disclosure prevented him from

demonstrating the relevancy of the evidence and presenting a complete defense. The court denied the motion, finding the nearly two-week continuance remedied any potential harm.

**¶10**     The jury found Canales-Perez guilty as charged. The superior court sentenced him to life imprisonment with the possibility of release after 35 years, along with consecutive aggregate terms of 55.5 years' imprisonment. We have jurisdiction to hear Canales-Perez's timely appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.     Denial of Motion for Mistrial Based on Untimely Disclosure.

**¶11**     Canales-Perez argues the superior court erred by denying his motion for mistrial based on the untimely disclosure of the evidence found on Christine's tablet. We give the court broad discretion in determining whether a mistrial is warranted based on a disclosure violation. *See State v. Arvallo*, 232 Ariz. 200, 201, 206, ¶¶ 6, 36 (App. 2013).

**¶12**     The superior court has the authority to impose appropriate sanctions for disclosure violations. *See* Ariz. R. Crim. P. 15.7. The sanction should be proportional to the degree of prejudice caused and the availability of sufficient, less stringent remedies. *See State v. Ramos*, 239 Ariz. 501, 504, ¶ 9 (App. 2016). An appropriate sanction "should have a minimal effect on the evidence and merits of the case," and factors to consider include the importance of the evidence, prejudice to the defense, and whether the violation involved bad faith. *State v. Towery*, 186 Ariz. 168, 186 (1996). "A declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Adamson*, 136 Ariz. 250, 262 (1983).

**¶13**     We find no abuse of discretion in this case. The court imposed a proportional sanction for the circumstances of the disclosure violation that served to remedy any potential prejudice to Canales-Perez's defense. The court's nearly two-week continuance gave him sufficient time to review and litigate the admissibility of the newly disclosed evidence. The court found, and Canales-Perez conceded, that the State had not acted in bad faith and expedited the forensic examination of the tablet. Nothing prevented Canales-Perez from presenting his chosen defense, eliciting testimony, or arguing in closing remarks that Christine lacked credibility and falsely accused him of the charged offenses. On this record, the untimely

disclosure did not necessitate the "dramatic remedy" of a mistrial. *See Adamson*, 136 Ariz. at 262.

## II.     Admissibility of the Evidence.

**¶14**          Canales-Perez next contends that the superior court erred by excluding the evidence found on Christine's tablet. We review the court's ruling on the admissibility of evidence for an abuse of discretion. *See State v. Rivera*, 152 Ariz. 507, 515 (1987).

**¶15**          Arizona's rape-shield statute generally bars the admission of evidence "relating to a victim's reputation for chastity and opinion evidence relating to a victim's chastity." A.R.S. § 13-1421(A). The purpose of the statute is to protect victims from "harassing or irrelevant questions concerning any past sexual behavior." *State v. Gilfillan*, 196 Ariz. 396, 400-01, ¶ 15 (App. 2000), *abrogated on other grounds by State v. Carson*, 243 Ariz. 463 (2018). A defendant, however, may introduce evidence of "specific instances of the victim's prior sexual conduct" to support a claim the victim had a motive to accuse the defendant of the offenses. A.R.S. § 13-1421(A)(3). Even so, the superior court must find that "the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence." A.R.S. § 13-1421(A).

**¶16**          The superior court did not abuse its discretion by excluding the evidence under A.R.S. § 13-1421(A). The evidence did not show Christine had a motive to accuse Canales-Perez of the current offenses. *See* A.R.S. § 13-1421(A)(3). The family's discovery of the tablet containing the evidence occurred a month after the initial investigation, and two years before Christine disclosed additional details in a second forensic interview. The record does not suggest Christine faced ongoing repercussions for the material found on her tablet. The evidence lacked any relevant, material connection to the charged offenses. The court properly concluded that the evidence did not fall within the proposed exception to A.R.S. § 13-1421(A).

**¶17**          To the extent Canales-Perez argues the evidence does not relate to Christine's chastity and, therefore, A.R.S. § 13-1421(A) does not apply, he failed to raise this claim below and waived all but fundamental error review. *See State v. Bolton*, 182 Ariz. 290, 304 (1995). Even if A.R.S. § 13-1421(A) does not apply, the exclusion of the evidence does not rise to the level of fundamental error. The evidence was highly prejudicial, *see State v. Oliver*, 158 Ariz. 22, 29 (1988) (noting that unless the victim's prior sexual acts provided the ability to fabricate "then the trial court should

exclude the evidence because its probative value is substantially outweighed by the danger of unfair prejudice"), had minimal relevance, *see supra* ¶ 16, and the superior court likely would have been within its discretion to exclude it on that basis, *see* Ariz. R. Evid. 401, 403; *see also State v. Perez*, 141 Ariz. 459, 464 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason."). But considering the strength of the trial evidence, including Canales-Perez's admissions during the confrontation call, we detect no fundamental error. *See State v. Ramos*, 235 Ariz. 230, 237, ¶ 20 (App. 2014) (finding defendant failed to prove prejudice under fundamental-error review based on overwhelming evidence of guilt).

## CONCLUSION

**¶18** We affirm Canales-Perez's convictions and resulting sentences.

